No. 14-2883

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

———————————————————————

DENIS F. SHEILS, On Behalf Of Himself
And On Behalf Of M.D.S., A Minor Child, Movant

v.

PENNSBURY SCHOOL DISTRICT, Respondent

———————————————————————

Expedited Application To (1) Vacate the Order of the United States
District Court for the Eastern District of Pennsylvania Entered on
May 21, 2014 Denying Application to Stay Pending Appeal, the Decision
and Order of the Department of Education – Special Education Hearing
Officer dated April 23, 2014 (ODR Case # 14523-1314 KE) ("The Administrative
Decision and Order") and (2) To Enter an Order Staying the
Administrative Decision and Order Pending Appeal
Civil Action No. 2:14-cv-02736-PBT

———————————————————————

EXPEDITED APPLICATION FOR STAY OF ORDER PURSUANT
TO FEDERAL RULES OF APPELLATE PROCEDURE 8 AND 18, LOCAL
APPELLATE RULES 8.1, 8.2 AND 18.1 AND 5 U.S.C. § 705

———————————————————————

Denis F. Sheils
Attorney I.D. No. 48888
The Philadelphian
2401 Pennsylvania Avenue
Apartment No. 3A1
Philadelphia, Pennsylvania 19130
Telephone: (267) 467-8331

*Pro Se and on Behalf of M.D.S., a minor child*

121436

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

FACTS ........................................................................................... 3

ARGUMENT ................................................................................... 7

A.  This Court has the Authority to Stay the Administrative Decision and Order ............................................................................. 8

B.  Standard of Review ........................................................... 8

C.  The "Stay-Put Rule" Requires Entry of the Stay ................... 9

D.  The Status Quo Should Be Preserved Pending Conclusion  of the Review Proceedings and to Avoid Irreparable Harm .......... 9

   i.    Burden of Proof .......................................................... 11

   ii.   The IEP Team Is Biased, Conflicted And Not Disinterested .. 12

   iii.  The Scope Of The Issues Heard And Relief Permitted Were Improperly Limited .......................................... 12

   iv.   Movant Was Denied The Opportunity To Subpoena And Examine Important Witnesses ................................ 13

   v.    Movant Was Denied Access To Important And Relevant Documents ................................................................ 13

   vi.   The School District Did Not Produce Relevant Documents ... 14

   vii.  Unreasonable Time Limits Were Placed Regarding Examination of Witnesses .......................................... 15

   viii. Documents Were Admitted That Should Not Have Been Admitted ................................................................... 15

   ix.   Witnesses Were Permitted To Refuse To Answer Relevant Questions ................................................................. 15

   x.    Insufficient Time Was Provided To Obtain Necessary Documents And To Retain An Expert To Review And Write A Report ......................................................... 15

E.  Even Upon the Record As It Currently Exists, Movant Has Shown That He Will Likely Succeed On The Merits ............... 16

I.  A FUNCTIONAL BEHAVIORAL ASSESSMENT CANNOT BE PERFORMED ................................................................... 16

II.     PROGRAM/PLACEMENT ........................................................................ 17

CONCLUSION ................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Elrod v. Burns*,
   427 U.S. 347 (1976)............................................................................10

*Hall v. Florida*,
   ___ U.S. ___ (May 27, 2014) ........................................................2, 10

*LE v. Ramsey Board of Education*,
   435 F.3d 384 (3d Cir. 2006) ...............................................................8

*Miller v. Mitchell*,
   598 F.3d 139 (3d Cir. 2010) ..............................................................10

*Schaffer v. West*,
   546 U.S. 49 (2005)...............................................................................11

*Scripps-Howard Radio, Inc. v. FCC*,
   316 U.S. 4 (1942)..................................................................................8

**STATE CASES**

*Aronson v. Lewis*,
   473 A. 2d 806 (Del. 1984 ) ................................................................12

**FEDERAL STATUTES**

20 U.S.C. § 1401 *et seq.*....................................................................2, 10

20 U.S.C. §1414 .................................................................................16

20 U.S.C. § 1415 ................................................................................14

42 U.S.C. § 1983 ................................................................................10

§ 504 of the Rehabilitation Act, 29 U.S.C. § 794 ...................................10

5 U.S.C. § 705 ..................................................................................1, 8

**RULES**

Appellate Rules 8.1, 8.2 and 18.1 ...........................................................1, 8

Federal Rules of Appellate Procedure 8 and 18 ....................................1, 8

**REGULATIONS**

34 C.F.R 300.518 ........................................................................................9

**CONSTITUTIONAL PROVISIONS**

First Amendment of the U.S. Constitution ...................................2, 10, 17

Fourteenth Amendment of the U.S. Constitution ...................................10

Plaintiff/Movant Denis F. Sheils, on behalf of himself and on behalf of M.D.S., a minor child ("Movant") hereby moves this Court, pursuant to Federal Rules of Appellate Procedure 8 and 18, Local Appellate Rules 8.1, 8.2 and 18.1 and 5 U.S.C. § 705, on an expedited basis, to enter an Order staying the Decision and Order of the Department of Education – Special Education Hearing Officer in the Matter concerning the minor child M.D.S. dated April 23, 2014 (ODR Case # 14523-1314 KE) (McElligott, Jake, Special Education Hearing Officer) (hereinafter the "Administrative Decision and Order"). The Administrative Decision and Order is attached hereto as Exhibit "A." Movant previously moved the district court to enter such a stay. By Order entered May 27, 2014, the district court, without making any findings, denied the motion. Exhibit "B," attached hereto. On May 30, 2014, Movant filed a Notice of Appeal. For the reasons discussed below, and in the papers and documents filed in connection with this action, this motion should be heard on an expedited basis and the Order of the district court should be vacated and the Administrative Decision and Order should be stayed pending final disposition of the appeal.

This motion should be given expedited treatment since otherwise Movant and the minor child will suffer irreparable harm for the following reasons:

- The School District is proceeding with Functional Behavioral Assessment ("FBA").  The FBA should not be performed against Movant's consent, at least until this matter is finally resolved.[1]

- An FBA will subject M.D.S. to results that will be in his education records and, in light of recent changes to the DSM-V, as explained in the recent decision of the United States Supreme Court in *Hall v. Florida*, ___ U.S. ___, (May 27, 2014), subject to the minor child to the possibility of being labeled "intellectually disabled";

- An FBA performed according to the Administrative Decision and Order violates Movant's and M.D.S.' rights to have Movant act as an advocate for his son in violation of the IDEIA, 20 U.S.C. § 1401 *et seq*. and the First Amendment of the United States Constitution since:

  - Movant is enjoined from contacting and discussing the matter with the evaluator prior to any evaluation being done and does not guaranty that Movant will be able to speak with the evaluator even after the evaluation is completed;

  - Leaves it solely to the School District to propose evaluators to perform the FBA and limits the choice to Movant to pick one of the three evaluators;[2]

- The School District has stated that the "stay-put" rule does not apply to this matter and that it intends to change the minor child's placement, once the steps in the Administrative Decision and Order are completed.  This will cause irreparable harm to the minor child by denying him the benefits mainstreaming provides.

---

[1] The School District has represented to this Court that there is no interaction with the child when conducting the FBA.  If there is any interaction that is additional reason for entering a stay.

[2] Since Movant did not select one of the evaluators proposed by the School District by the date set by the Hearing Officer, and instead filed an Application with the district court, the School District has already selected an evaluator.

## FACTS

This matter involves, *inter alia*, the questions: (1) whether the defendant Pennsbury School District may pursue or conduct a Functional Behavioral Assessment ("FBA") of the minor child M.D.S.; and (2) whether to change M.D.S.' program/placement from the regular classroom setting in which he attends.

The minor child M.D.S. is presently being taught under the IEP that was agreed upon in June 2013, with an agreed upon revision made on or about July 2013 (hereinafter "the June 2013 IEP"). *See* Exhibit "C," attached hereto. Pursuant to the June 2013 IEP, the minor child spends 94% of his time in the regular classroom. The June 2013 IEP was anticipated to be in effect until June 10, 2014.

As soon as the child entered Middle School in August 2013, the school district soon commenced a campaign to "open" the IEP and to no longer mainstream the child.

In December 2013, the School District proposed a new IEP that would no longer mainstream the child. (hereinafter the "December 2013 IEP"), Exhibit "D," attached hereto. The School District also insisted that a Functional Behavioral Analysis be performed.

Movant objected and filed two due process complaints.  *See* Exhibits "E"

and "F," attached hereto.

A Due Process Hearing conference was held on March 3, 2014.  The Due

Process Hearing was held on March 6, 7, 10, 17 and 18, 2014.  Written closing

arguments were submitted on April 9, 2014.  A true and correct copy of the

Movant's written closing is attached hereto as Exhibit "G," attached hereto.

On April 23, 2014, the Hearing Officer rendered his Decision.  *See* Exhibit

"A," attached hereto.  In his Decision, the Hearing Officer found in favor of

Movant in certain regards and in favor of the Pennsbury School District in other

regards.

First, the Hearing Officer found in favor of the School District regarding an

FBA.  The Hearing Officer held that the FBA shall be performed in an educational

setting.  The Hearing Officer set forth the following regarding the FBA:

- On or before May 3, 2014, the District shall provide in writing to the student's father information (as set forth below) for three independent evaluators experienced in conducting of data-gathering for, and authorship of, FBAs who will make themselves available to conduct an independent FBA at District expense.

- The District's selection of the evaluators shall be based solely on the background and experience of the evaluators.  Communications by the District with a potential evaluator shall not include any discussion of an evaluator's rate or fee, and, in selecting the independent evaluators, the District shall not give any consideration to its estimation of the cost of the independent FBA.

- The information provided to the student's father regarding the selected evaluators shall include the full curricula vitae for the evaluators. The student's father may review the evaluators' curriculum vitae **but shall not contact any of the potential evaluators.** (emphasis added)

- The cost of the independent FBA shall be at the evaluator's rate or fee and shall be borne by the District at public expense.

- On or before **May 13, 2013**, the student's father shall contact the District's director of special education by email to inform the District of the evaluator selected by the father to conduct the independent FBA.  (emphasis added)

- If the student's father has not emailed a selection of one of the independent evaluators by May 13, 2014, the District shall select one of the three independent evaluators. Even if the District makes the selection of the independent evaluator, all other aspects of this order related to the independent evaluator and/or the independent FBA shall be followed.

- The selected evaluator shall coordinate with the District on the scheduling of observations, but the number and nature of those observations shall be determined solely by the evaluator. Furthermore, the scope, details, findings and recommendations of the independent FBA shall be determined solely by the selected evaluator.

- After the independent evaluator has issued the independent FBA for the student, the student's IEP team shall meet to consider the findings of the assessment in light of the student's IEP and educational programming ("the FBA IEP meeting"). At the FBA IEP meeting, the IEP team shall invite and include the independent evaluator in the IEP team meeting (making scheduling accommodations for the participation of the evaluator as necessary), and the District shall bear any cost, or rate, for the appearance of the independent evaluator at the FBA IEP meeting.

- The terms of this order regarding the involvement of the independent evaluator shall cease after the independent evaluator has participated

in the FBA IEP team meeting, although nothing in this order should be read to limit, or interfere with, the continued involvement of the independent evaluator as one party, or both parties, see(s) value in such continued involvement and might make arrangements therefor.

With respect to the Program & Placement, the Hearing Officer held as follows:

As of the date of this decision, the least restrictive environment for the student to receive instruction, with appropriate modifications, adaptations, aids, services and supports required by the student, is a split-program where the student receives some instruction in a resource room setting and some in an inclusive regular education classroom, both classrooms to be at the school the student would attend if not eligible for special education.

Instruction in reading and writing shall take place in a resource room setting. Instruction in mathematics shall take place in an inclusive regular education setting. Instruction and therapeutic techniques in speech and language shall take place where the student's IEP team determines this instruction would allow the student to gain meaningful education benefit from the instruction.

On April 29, 2014, the Pennsbury School District e-mailed Movant the curriculum vitae of three behavioral specialists.  Pursuant to Decision and Order, Movant was to inform the School District of the evaluator essentially picked by the School District no later than May 13, 2014.

On May 13, 2014, Movant filed with the district court: (1) a Complaint appealing the Decision and Order; (2) an Ex Parte Application for Order to Show Cause Re: Entry of Stay Pending Appeal, Preliminary Injunction and Temporary Restraining Order; (3) Memorandum of Law in Support Thereof; (4) a Proposed

Order; and (5) Movant's Declaration with Exhibits.  On May 20, 2014, the School

District filed a response in opposition to Movant's Application.  In its response, the

School District stated that it had selected an evaluator and that the "FBA is

currently in progress."  *See* Exhibit "H," attached hereto.  On May 21, 2014, the

district court held a hearing.  Without prior notice to Movant, the district court

permitted the School District to present witnesses.[3]  Movant was not given the

opportunity to take discovery in the district court proceeding prior to this hearing.

By Order filed May 28, 2014, the district court denied Movant's Application.  No

reasons were given.  On May 30, 2014, Movant filed a Notice of Appeal.

## **ARGUMENT**

The district court's order denying Movant's Application for Order to Show

Cause Re: Entry of Stay Pending Appeal, Preliminary Injunction and Temporary

Restraining Order regarding the Decision and Order of the Department of

Education – Special Education Hearing Officer dated April 23, 2014 should be

vacated and the Administrative Decision and Order should be stayed pending final

disposition of this matter.  The district court did not provide a basis for its decision.

It merely denied the motion.  Regardless, the Administrative Decision and Order of

the Special Education Officer should be stayed pending final disposition since if

---

[3] The Hearing Transcript is not yet available.

such an order is not entered, Movant and the minor child will suffer irreparable

harm.

### A.    This Court has the Authority to Stay the Administrative Decision and Order

This Court has the authority to stay the Administrative Decision and Order

pursuant to 5 U.S.C. § 705.  That statute provides:

> When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review.  On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.[4]

### B.    Standard of Review

The district court did not make any findings when it denied Movant's

motion to stay and to enter a preliminary injunction.  As such, this court should

exercise plenary review with respect to the legal standards to be applied.  Also, the

court should apply a modified version of _de novo_ review and engage in an

independent review of the record.  _See LE v. Ramsey Board of Education_, 435 F.3d

384, 389 (3d Cir. 2006).

---

[4]  This court also has authority to grant the stay pursuant to Federal Rules of Appellate Procedure 8 and 18, Local Appellate Rule 8.1, 8.2 and 18.1; and, pursuant to its "traditional equipment for the administration of justice." _Scripps-Howard Radio, Inc. v. FCC_, 316 U.S. 4, 9-10 (1942).

### C.    The "Stay-Put Rule" Requires Entry of the Stay

The "stay-put rule" set forth in 34 C.F.R 300.518 requires entry of the requested stay, at least with respect to the minor child's program/placement pending final disposition of the appeal.  The School District in taking the position that since the child's mother wants M.D.S.' program/placement changed, the "stay-put rule" is overridden.  The School District's reading of 34 C.F.R 300.518 is erroneous.  The regulation expressly provides that the "stay-put rule" is only overridden if the Hearing Officer and the parents (plural) agree to a new placement.  The School District's position also violates the custody order that places legal custody in both parents jointly.  To change M.D.S.' program/placement pending any appeal, without Movant's consent is a violation by the school district of Movant's parental rights and liberty interest in the child.

### D.    The Status Quo Should Be Preserved Pending Conclusion of the Review Proceedings and to Avoid Irreparable Harm

The Application should also be granted to maintain the status quo pending conclusion of the review proceedings to avoid irreparable injury.  The Administrative Decision and Order should be stayed in its entirety pending final disposition of the appeal since if such an order were not entered, Movant and the minor child will suffer irreparable harm since:

- The Decision and Order exceeds the Hearing Officer's authority and violates Movant's rights and M.D.S.' rights as Movant being an

9

advocate for his son in violation of the IDEIA 20 U.S.C. § 1401, *et seq.*, and the regulations promulgated thereunder;

- Violates M.D.S.' rights under § 504 of the Rehabilitation Act, 29 U.S.C. § 794;

- Violates Movant's rights guaranteed by the First Amendment of the United States Constitution and 42 U.S.C. § 1983; *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("Loss of First Amendment freedoms, for even minimal periods of times, unquestionably constitutes irreparable injury");

- Violates the fundamental liberty interests that Movant has in the care, custody and control of M.D.S. protected by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. *See, e.g., Miller v. Mitchell*, 598 F.3d 139, 150 (3d Cir. 2010);

- Violates Movant's rights and M.D.S.' rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; and

- Violates Movant's rights and M.D.S.' under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

The Decision and Order violates the foregoing since, among other things, it permits the defendant School District:

- To deny M.D.S. the important benefits mainstreaming provides;

- To perform an FBA against Movant's explicit instructions that an FBA not be conducted;

- To perform an FBA that will subject M.D.S. to results that will be in his records without Movant's consent and, in light of recent changes to DSM-V, as explained in the recent decision of the United States Supreme Court in *Hall v. Florida*, ____ U.S. _____ (May 27, 2014),

subject the minor child to the possibility of being labeled "intellectually disabled";

- The FBA will be conducted even though there was no school psychologist on the IEP Team that even authorized such an analysis be performed;[5]

- To unlawfully enjoin Movant's rights to contact and discuss the matter with the evaluator prior to any evaluation being done and does not guaranty that Movant will be able to speak with the evaluator even after the evaluation is completed;

- To improperly leave it solely to the school district to propose evaluators to perform the FBA;

- To improperly limit the choice to only three possible evaluators;

- To limit the FBA to only the educational setting; and

- To perform an FBA and change M.D.S.' program/placement pursuant to a "due process hearing" that did not truly provide "due process."

Throughout the "due process" process, including the written closing, Movant objected to how the process proceeded. As such, the "due process hearing" is not a process that provides "due process." Among the objections made, include the following:

### i. <u>Burden of Proof</u>

The Hearing Officer, relying upon *Schaffer v. West*, 546 U.S. 49 (2005), placed the burden of persuasion upon Movant since Movant was challenging the proposed IEP. This is a misreading of *Schaffer v. West*, and the Hearing Officer

---

[5] *See* Testimony of Cheryl Morett in the May 21, 2014 Hearing.

erred in placing the burden of persuasion upon Movant.  Since the Pennsbury

School District is seeking to radically change the existing June 2013 IEP, the

burden of persuasion should rest upon the school district.

### ii.    The IEP Team Is Biased, Conflicted And Not Disinterested

Even assuming *arguendo*, that the burden of persuasion rests with Movant,

the burden shifts since the IEP team is biased, conflicted and/or not disinterested.

*See, e.g.*, *Aronson v. Lewis*, 473 A. 2d 806 (Del. 1984 ) (business judgment of

board of directors rebutted when board not independent or disinterested).  In this

case, the Hearing Officer erred in not permitting Movant to challenge whether the

IEP team was independent or disinterested.  Movant was not permitted to delve

into issues of bias.  Nor was Movant permitted even to discover whether Ms.

Harriet Sheils, Movant's ex-wife and M.D.S.' mother, was or had been employed

by the school district.

### iii.    The Scope Of The Issues Heard And Relief Permitted Were Improperly Limited

The scope of the issues heard by the Hearing Officer and the relief permitted

were improperly limited. The scope of the hearing should have encompassed all

the issues raised and the relief sought in the due process complaints.

For example, in his ruling dated February 21, 2014, the Hearing Officer

made it clear that he would only permit witnesses to testify who had information

about M.D.S. in the education environment.  He also generally limited the hearing

to the time period beginning when M.D.S. started in Middle School, except with respect to the Reevaluation Reports.  Indeed, when he ordered an FBA to be conducted, he limited it to observations regarding M.D.S. in the educational environment, even though at least one witness testified that FBA's also involve observations in the home setting to try to pinpoint the source of any purported off-task behaviors.

Given the Hearing Officer's decision, Movant was not permitted to discover or present witnesses, testimony documents and evidence that is highly relevant.

Furthermore, Movant sought to have all references to autism deleted from M.D.S.' school records.  The Hearing Officer never entertained this request.

### iv.     Movant Was Denied The Opportunity To Subpoena And Examine Important Witnesses

Movant was denied the opportunity to examine important witnesses, including, but not limited to: Dr. Peter Kurtzer, Ms. Laura Tittle, Ms. Patricia Vommorow, Dr. Julie Kardos, Ms. Laura Kozak, Ms. Barbara Statura and Ms. Claudia Huot, Esquire.

### v.     Movant Was Denied Access To Important And Relevant Documents

Movant was denied access to important and relevant documents, including the curriculum vitae of the witnesses and/or those on the IEP team, test protocols and progress reports.

The school district has taken the position that the only documents its needs to produce are those under FERPA that are "education records." However, 20 U.S.C. § 1415, which applies to due process proceedings is not so limited. It permits review by parents of "all records relating to such child." In any event, even if FERPA were to apply, the School District's reading of FERPA is erroneous and should be rejected. Indeed, it is ironic and non-sensical for a school district to take a statute intended to protect the privacy of the school records of students to shield, for example, the notes, employment records and curriculum vitae of school district employees from discovery from the very children the statute was intended to protect.

The Hearing Officer also erred in denying Movant personal access to test protocols, ruling that only an expert retained by Movant could have access to the test protocols. To the extent that test protocols are confidential and proprietary, Movant offered to enter into a reasonable confidentiality stipulation. Despite this, the school district still objected and the Hearing Officer erroneously adopted the school district's position.

### vi.    <u>The School District Did Not Produce Relevant Documents</u>

The school district did not produce relevant documents, even those within the scope of the Hearing Officer's relevant time period. For example, important e-

mails were not produced, including an e-mail from Ms. Harriet Sheils to Ms.

Katherine Cooper in September, 2013.

### vii.    Unreasonable Time Limits Were Placed Regarding Examination of Witnesses

The Hearing Officer also placed unreasonable time limits upon regarding the

examination of witnesses.

### viii.    Documents Were Admitted That Should Not Have Been Admitted

Documents were admitted into evidence that should not have been, even

according to the criteria set by the Hearing Officer, including the 2013 Re-

Evaluation Report that is littered with selected quotes from the Reports of Dr.

Mary Pipan, M.D.

### ix.    Witnesses Were Permitted To Refuse To Answer Relevant Questions

The Hearing Officer erred by permitting witnesses to refuse to answer

relevant questions, including permitting Ms. Sheils to decline to testify whether she

is, or ever was, employed by the Pennsbury School District.

### x.    Insufficient Time Was Provided To Obtain Necessary Documents And To Retain An Expert To Review And Write A Report

Insufficient time was provided to obtain necessary documents and to retain

an expert to review and write a report.  Much of the time, Movant was attempting

to obtain relevant documents from the school district, which has made it an art not

to produce relevant documents, at least up until the last minute before the hearing. Also, as mentioned above, relevant documents and e-mails were still never produced; including documents pertaining to M.D.S.' twin brother D.I.S. and the e-mail from Ms. Harriet Sheils to Ms. Katherine Cooper.

### E.    Even Upon the Record As It Currently Exists, Movant Has Shown That He Will Likely Succeed On The Merits

Even upon the record as its exists, Movant has shown that he will likely succeed on the merits.  In conjunction with Movant's Application, Movant filed a Complaint and a Declaration with exhibits, that included the written closing argument dated April 9, 2014 that Movant submitted to the Hearing Officer that marshaled the evidence.  In addition, the district court received additional testimony at the May 21, 2014 hearing; but, at the moment the transcript is unavailable.  At the hearing, Movant requested that all exhibits Movant identified in the Due Process Hearing be admitted, including the exhibits the Hearing Officer excluded; and, the Hearing Officer exhibits.  The salient facts that shows that Movant will likely succeed on the merits are as follows:

### I.    A FUNCTIONAL BEHAVIORAL ASSESSMENT CANNOT BE PERFORMED

- Under the IDEIA, parental consent to an evaluation or re-evaluation is required. *See* 20 U.S.C. §1414.  The School District has not obtained Movant's consent to an FBA.  Movant has stated that he does not consent, and to the extent he has given any prior consent, it is revoked;

- The School District has not offered a school psychologist that was a member of the December 2013 IEP Team that recommended that an FBA be conducted;

- The Decision and Order exceeds the Hearing Officer's authority and violates Movant's rights and M.D.S.' rights as Movant being an advocate for his son in violation of the IDEIA and the First Amendment of the United States Constitution. Movant has been unlawfully enjoined to contact and discuss the matter with the evaluator prior to any evaluation being done and does not guaranty that Movant will be able to speak with the evaluator even after the evaluation is completed. It also improperly leaves it solely to the school district to propose the evaluator to perform the FBA.

## II.    PROGRAM/PLACEMENT

M.D.S. should continue to be mainstreamed and not segregated from the regular education classroom.

- M.D.S. has progressed; and Movant believes that progress has been due to M.D.S. being mainstreamed.

- Movant is convinced that a child learns best from his peers, including those considered to be more academically advanced.

- The Decision and Order did not consider bringing back one-on-one so the child can remain mainstreamed, even assuming that the school district's concerns have any merit.

- The School District has not proferred any evidence that M.D.S. would benefit from being segregated. The Hearing Officer directed during the conference call held on Monday, March 3, 2014, directed that he wanted to hear from the teacher that would be involved in the proposed new environment, to testify "this is what we do in the classroom" and "this is what we will be doing and how it is different from what has been happening." *See* March 3, 2014 Conference Call Transcript pp. 35-37, attached hereto as Exhibit "I." Contrary to the Hearing Officer's directions, the School District did not proffer a

witness who would be M.D.S.' teacher in the new environment.  May 21, 2014 Hearing Testimony of Cheryl Morett.

## CONCLUSION

For the reasons set forth above and other documents submitted in support of this Application, this Application should be expedited and Movant's Application to vacate the Order of the district court and to stay the Administrative Decision and Order pending final disposition of this matter should be granted.

Dated: June 2, 2014                      Respectfully submitted,


*/s/ Denis F. Sheils*
Denis F. Sheils
Attorney I.D. No. 48888
The Philadelphian
2401 Pennsylvania Avenue
Apartment No. 3A1
Philadelphia, Pennsylvania 19130
Telephone: (267) 467-8331

*Pro Se and on Behalf of M.D.S., a minor child*