# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 14-2883

_____

**DENIS F. SHEILS, on Behalf of Himself And
On Behalf of M.D.S., A Minor Child,**

Appellant

v.

**PENNSBURY SCHOOL DISTRICT,**

Appellee

_____

On Appeal from the United States District Court
for the District of Pennsylvania, No. 2:14-cv-027376

_____

**REPLY BRIEF FOR APPELLANT**

Denis F. Sheils
The Philadelphian
2401 Pennsylvania Avenue
Unit #3A1
Philadelphia, Pennsylvania 19130
(215) 238-1700 (Work)
(267) 467-8331 (Cell)
Email:  dsheils@kohnswift.com

*Pro se and on behalf of M.D.S.,
a minor child*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii
    1.    This Court Has Jurisdiction ................................................................ 1
    2.    Appellant Cites The Correct Standard Of Review ............................. 2
    3.    The Status Quo Should Be Preserved Pending Conclusion
        Of The Review Proceedings To Avoid Irreparable Harm ................... 3
    4.    Appellant Has Established That He Will Likely Succeed
        On The Merits ..................................................................................... 5
CONCLUSION ....................................................................................................... 7
COMBINED CERTIFICATIONS ........................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Burlington v. Dept. of Educ. of Mass.*
  471 U.S. 373 (1985)......................................................................................1

*Carson v. American Brands, Inc.*,
  450 U.S. 79 ..................................................................................................2

*Continental Group, Inc. v. Amoco Chemicals Corp.*,
  614 F.2d 381 (3d Cir. 1980) ........................................................................2

*Elrod v. Burns*,
  427 U.S. 347 (1976).....................................................................................3

*Hall v. Florida*,
  134 S. Ct. 1986 (May 27, 2014) ..................................................................3

*Highmark, Inc. v. UPMC Health Plan, Inc.*,
  276 F.3d 160 (3d Cir. 2001) ........................................................................2

*Kershner v. Mazurkiewicz*,
  670 F.2d 440 (3d Cir. 1982) ........................................................................2

*Penn Galvanizing Co. v. Leukens Steel Co.*,
  468 F.2d 1021 (3d Cir. 1972) ......................................................................2

*Scripps-Howard Radio, Inc. v. FCC*,
  316 U.S. 4 (1942).........................................................................................1

*Stringfellow v. Concerned Neighbors in Action*,
  480 U.S. 370 (1987).....................................................................................2

*Vietnamese Fishermen's Ass'n v. Knights of the Ku Klux Klan*,
  543 F. Supp. 198, 218 (S.D. Tex. 1982)......................................................5

**FEDERAL STATUTES**

5 U.S.C. § 705..........................................................................................................1

5 U.S.C. § 706..........................................................................................................4

20 U.S.C. § 1401 *et seq.* ...................................................................................3

20 U.S.C. § 1415 (i)(2)(C) ...................................................................................5

28 U.S.C. § 1292 (a)(1) ........................................................................................1

**RULES**

Federal Rules of Appellate Procedure 8, 8.1, 8.2, 18 and 18.1 .................................1

**CONSTITUTIONAL PROVISIONS**

First Amendment of the United States Constitution ..................................................3

As demonstrated in Appellant's opening brief, the district court's order denying Appellant's Application should be vacated and the Administrative Decision and Order should be stayed pending final disposition of this matter. If such an order were not entered, Appellant and the minor child, M.D.S., will suffer irreparable harm. An FBA should not be conducted and M.D.S. should remain in the regular classroom setting for all subjects. The stay is further warranted since Appellant should be provided the opportunity to conduct discovery and supplement the record. Regardless, even upon the existing record, Appellant has demonstrated probable success on the merits.[1]

1.  **This Court Has Jurisdiction**

This Court has jurisdiction pursuant to Federal Rules of Appellate Procedure 8 and 18, Local Appellate Rules 8.1, 8.2 and 18.1, 5 U.S.C. § 705; and 28 U.S.C. § 1292 (a)(1). This Court also has authority to grant the stay pursuant to its "traditional equipment for the administration of justice." *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942). The School District's brief ignores the

---

[1] In its brief, the School District repeatedly suggests that even though Appellant has joint legal custody of the minor children, including M.D.S., his position is trumped by the wishes of Ms. Sheils who presently has primary physical custody. *See* Brief of Appellee, pp. 11, 19 and 20. The School District's position is errorenous. In any event, on August 13, 2014, Appellant petitioned the Bucks County Court of Common Pleas, Family Division to modify the Custody Order and award primary physical custody of the minor children, including M.D.S., to Appellant.

grounds asserted for jurisdiction except jurisdiction based upon 28 U.S.C. § 1292 (a)(1). However, the Court has jurisdiction to hear this matter under 28 U.S.C. § 1292 (a)(1), since the denial of injunctive relief will cause irreparable harm and that the order can be "effectively challenged" only by immediate appeal.[2]

### 2.     Appellant Cites The Correct Standard Of Review

Appellant's Opening Brief cites the correct standard of review for this matter, particularly when the district court denied Appellant's Application but no reasons were given. Moreover, none of the cases cited by the School District, *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160 (3d Cir. 2001); *Penn Galvanizing Co. v. Leukens Steel Co.*, 468 F.2d 1021 (3d Cir. 1972); *Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982) and *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 381 (3d Cir. 1980) involved an application to stay an administrative decision pending final review.

---

[2] The School District relies primarily upon *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981) and *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987). However, *Carson* supports Appellant's position. There, the Supreme Court found that the district court's order refusing to enter a consent decree was an order refusing an injunction that was appealable. *Stringfellow* is distinguishable. There, the Supreme Court held that the district court order granting permissive intervention but denying intervention as of right was not an immediately appealable under the collateral order doctrine since the intervenor was a party to the suit by virtue of permissive intervention and could obtain effective review of its claims on appeal from a final judgment. The factual scenario in *Stringfellow* is hardly akin to that here.

### 3. The Status Quo Should Be Preserved Pending Conclusion Of The Review Proceedings To Avoid Irreparable Harm

As demonstrated in Appellant's Opening Brief, the Administrative Decision and Order should be stayed in its entirety since if such an order were not entered, Appellant and the minor child will suffer irreparable harm since:

- Up until this Court entered a stay, the School District was proceeding with the FBA. The FBA should not be performed against Appellant's consent, at least until this matter is finally resolved.

- An FBA will subject M.D.S. to results that will be in his education records and, in light of recent changes to the DSM-V, as explained in the recent decision of the United States Supreme Court in *Hall v. Florida*, 134 S. Ct. 1986 (May 27, 2014), subject to the minor child to the possibility of being labeled "intellectually disabled";

- An FBA performed according to the Administrative Decision and Order violates Appellant's and M.D.S.' rights to have Appellant act as an advocate for his son in violation of the IDEIA, 20 U.S.C. § 1401 *et seq.* and the First Amendment of the United States Constitution since:

    A. Appellant is enjoined from contacting and discussing the matter with the evaluator prior to any evaluation being done and does not guaranty that Appellant will be able to speak with the evaluator even after the evaluation is completed (*see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("Loss of First Amendment freedoms, for even minimal periods of times, unquestionably constitutes irreparable harm");

    B. Leaves it solely to the School District to propose evaluators to perform the FBA and limits the choice to Appellant to pick one of the three evaluators;

- The School District has stated that the "stay-put" rule does not apply to this matter and that it intends to change the minor child's placement, once the steps in the Administrative Decision and Order

are completed. This will cause irreparable harm to the minor child by denying him the benefits mainstreaming provides. (A190-92)

The School District appears to argue that Appellant's request that an FBA be stayed pending final review should be denied since it has "been completed and drafted." Appellee's Brief, p. 16. Appellee's rush to have the FBA completed is no basis to deny Appellant's request, especially when even the School District concedes, it has not been issued.

Furthermore, the School District fails to adequately address Appellant's assertion of irreparable harm due to Appellant being enjoined from contacting and discussing the matter with the evaluator. Even accepting the School District's view of the Administrative Decision and Order, it clearly precludes Appellant from contacting the evaluators prior to their selection. ("The student's father may review the evaluators' curriculum vitae but shall <u>not</u> contact any of the potential evaluators"). Administrative Decision and Order, p. 17 (A42).[3]

Even the School District appears to concede that the FBA may open up the possibility of M.D.S. being labeled "intellectually disabled." Appellee's Brief, p.3.

---

[3] A reviewing court has the authority to set aside agency action, findings and conclusions found to be, among other things, (i) contrary to constitutional right, power, privilege or immunity; or (ii) in excess of statutory jurisdiction, authority or limitations or short of statutory right. *See* 5 U.S.C. § 706. The Hearing Officer exceeded his authority when he, among other things, enjoined Appellant from contacting any of the potential evaluators.

This alone justifies an entry of a stay pending final review. Asserting that such records are protected by the nondisclosure provisions of FERPA, and its implementing regulations, even if true, is small comfort to a child that is already labeled. It can also open him up to even more discrimination than from what he has already suffered. *See Vietnamese Fishermen's Ass'n v. Knights of the Ku Klux Klan*, 543 F. Supp. 198, 218 (S.D. Tex. 1982) ("Victims of discrimination suffer irreparable injury").

Finally, even the School District concedes that the stay-put provision acts as an injunction. *See* Appellee's Brief, pp. 14. The IDEIA's stay-put provision came about as a result of Congress' concern "about the apparently widespread practice of relegating handicapped children to private school or warehousing them in special classes." Brief of Appellee, p. 18 (*quoting Burlington v. Dept. of Educ. of Mass.* 471 U.S. 373 (1985)). That Congressional concern is directly implicated in this matter. Psychology should not be permitted to *sub silentio* overturn one of the cornerstones of the IDEIA.

### 4. Appellant Has Established That He Will Likely Succeed On The Merits

Under the IDEIA, a reviewing court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415 (i)(2)(C). During the due process hearing, Appellant was not permitted to present witnesses, testimony, documents and evidence given the limits placed upon Appellant by the Hearing Officer,

particularly with respect to the change in M.D.S.' "progress" after Dr. Pipan became involved with the School District counselor and teachers and M.D.S. was *de facto* labeled autistic. HO-36, 24 of 49; *see also* A1091-1128. This Court should consider the evidence on this point that Appellate attempted to proffer, or at least stay the Administrative Decision and Order to permit Appellant to develop and supplement the record.

In any event, even upon the record as it currently exists, Appellate has shown that he will likely succeed on the merits. *See* Appellant's Opening Brief, pp. 41-58.

## CONCLUSION

For the foregoing reasons, and those set forth in Appellant's Opening Brief, Appellant's Appeal to vacate the Order of the district court and to stay the Administrative Decision and Order pending final disposition of this matter should be granted. Appellant should be provided the opportunity to conduct discovery, and to supplement the record. Furthermore, an FBA should <u>not</u> be conducted and the minor child should remain in the regular classroom setting for all subjects.


Dated: August 13, 2014                            Respectfully submitted,


*/s/ Denis F. Sheils*
Denis F. Sheils
Attorney I.D. No. 48888
The Philadelphian
2401 Pennsylvania Avenue
Apartment No. 3A1
Philadelphia, Pennsylvania 19130
Telephone: (267) 467-8331

*Pro Se and on Behalf of M.D.S., a minor child*

## COMBINED CERTIFICATIONS

I hereby certify as follows:

1) I am a member in good standing of the bar of the Third Circuit.

2) This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,504 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

3) This brief complies with the typeface requirements of Fed. R App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 with 14-point Times New Roman.

4) The text of the electronic version of this brief is identical to the text in the paper copy.

5) A virus detection program has been run on the file and no virus was detected. The virus detection program used is Symantec Endpoint Protection version 11.0.2010.25.

6) I have this day, August 13, 2014, served the foregoing brief and the appendix upon counsel for defendants through the ECF filing system and first class mail:

        Jonathan P. Riba, Esquire
        Thomas C. Warner, Esquire
        Sweet, Stevens, Katz & Williams, LLP
        331 East Butler Avenue
        New Britain, PA 18901

Dated: August 13, 2014        */s/ Denis F. Sheils*
                                        Denis F. Sheils